RUCKER, J.,
concurring in result.
The question presented, as is the question in most cases involving motions to sever, is whether the offenses were joined “solely” because they are the same or similar in character. Unless the State otherwise concedes the point, it will always protest, “of course not,” the offenses were not joined “solely” on that ground. Instead “other factors were present.” And so it goes here and the majority agrees. I concur in the result reached by the majority but only because it is not inconsistent with several cases decided by this Court as well as our Court of Appeals. I continue to believe, however, “our traditional approach in resolving claims of severance fails to provide meaningful guidance to either the bench or the bar, and thus lends itself to inconsistent results, even where the facts are very similar.” Wells v. State, 983 N.E.2d 132, 137 (Ind.2013) (Rucker, J., dissenting from the denial of transfer). *1272 Employing our “traditional approach” [1] the Court of Appeals in a divided opinion concluded the trial the court erred when it denied Pierce’s motion to sever. Pierce v. State, No. 78A05-1305-CR-211, 2014 WL 288998, at *5 (Ind.Ct.App. Jan. 27, 2014), vacated, Employing the same approach this Court has reached the opposite conclusion. Unfortunately we continue down this path of inconsistency. We would be well-advised to provide greater clarity to an area of the law that remains in a state of confusion.
DICKSON, J., concurs.

. This approach entails "lookfing] at the facts in a given case, comparing] them to another case, and then reaching] a conclusion based on the comparison.” Wells, 983 N.E.2d at 136 (citations omitted).